# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## SAUNDERS V. SMITH.

## PEEBLES V. WATTS' HEIRS & AL.

### JUNE 22d, 1893.

CHANCERY PRACTICE—*Joinder of Suits.*—A decree that land of a decedent is assets for the payment of the debts and of a deed of trust thereon duly executed and recorded, is proper in a suit to enforce the lien of the deed of trust, where the plaintiff, in another suit tried with it, fails to prove his title thereto claimed on the ground that he had paid for it in the decedent's lifetime, but had not received a conveyance of it.

Argued at Richmond.    Decided at Wytheville.

Appeal from two decrees of circuit court of Nelson county, rendered at the March and September terms thereof, in 1890, in two united causes therein pending, styled "A. P. Saunders *v.* Alexander Smith, etc.," and "J. R. Peebles *v.* B. B. Watts' heirs, etc." Opinion states the case.

*Caskie & Coleman*, for appellants.

*S. B. Whitehear*, for appellees:

FAUNTLEROY, J., delivered the opinion of the court.

The first mentioned of the said causes was instituted by the said A. P. Saunders against the heirs of B. B. Watts, deceased,

to enforce the alleged title of the said A. P. Saunders to a certain tract of land in Nelson county, Virginia, which he alleged he had bought from the said Watts and paid for in the lifetime of said Watts, but which had not been conveyed to the said Saunders; and the suit of J. R. Peebles against the heirs of the said B. B. Watts, deceased, was to enforce the lien of a deed of trust upon the same tract of land, executed by said Watts in his lifetime, to secure to the said Peebles the payment of a debt due by the said Watts to the said Peebles; but subsequent to the alleged purchase of the said land by A. P. Saunders from B. B. Watts, and his full payment for and possession of the said land under and by virtue of a verbal contract of bargain and sale.

In the early part of the year 1888 B. B. Watts died, leaving an estate of small personal property and a tract of land in Nelson county, containing about eighty-six acres. He died without a will, and his administrator, Abram Smith, brought a suit in the circuit court of Nelson county to administer to his personal estate. And in that suit a decree was entered convening the creditors of the deceased, B. B. Watts; and a report was made therein by the commissioner, and confirmed by the court, showing the amount of the personal estate of the said Watts and of the debts due by him at his death. And a decree was entered in the said suit in favor of each creditor for his *pro rata* share of the assets as ascertained by the said report, which showed a large deficiency in paying the debts of the said B. B. Watts. On the 16th day of December, 1882, the said B. B. Watts executed a deed of trust, which was duly recorded on the same day, to secure to J. R. Peebles the debt, reported in said report, of $110 75, as evidenced by bond, with interest from December 16, 1882. After the death of B. B. Watts, L. A. Saunders and A. P. Saunders, her husband, Abram Smith and Eliza J. Smith, his wife (the said L. A. Saunders and Eliza J. Smith being the children and only heirs of B. B. Watts, deceased, his wife being dead), sold the

Opinion.

said tract of eighty-six acres of land of which B. B. Watts died seized, to one Shaver Vaughan for the sum of $700.

The bill—a creditor's bill—of J. R. Peebles avers, that he does not seek to disturb the said sale of the land to said Vaughan, but prays that the sale money due by the said Vaughan for the said land shall be decreed to pay the debt secured to him by the deed of trust aforesaid, and that the surplus be paid over to the other creditors of the said B. B. Watts, deceased.

The two causes were united and heard together by the court; and by a final decree, entered October 3, 1890, it was adjudged, ordered, and decreed that the bill of the plaintiff, A. P. Saunders, in the first named of these causes, be, and the same is hereby, dismissed. And it is further adjudged, ordered, and decreed that A. P. Saunders having wholly failed to prove his claim of having purchased and paid for the eighty-six acres of land of B. B. Watts as alleged by him; that B. B. Watts died seized and possessed of the eighty-six acre tract, and that the same is assets for the payment of his debts, and to the payment of the deed of trust of J. R. Peebles.

Upon a careful review of the evidence in the record, we concur fully with the circuit court, that A. P. Saunders has wholly failed to prove his claim of having purchased and paid for the eighty-six acre tract, and that the same is assets for the payment of the ascertained and reported debts of B. B. Watts, deceased.

There is no error in the decrees complained of, and our judgment is to affirm them.

DECREES AFFIRMED.